**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Marie Chantal Mukabaranga, et al., | No. CV-24-03579-PHX-DLR |
| Plaintiffs, | **ORDER** |
| v. | |
| Alejandro Mayorkas, et al., | |
| Defendants. | |

Defendants[1] move to dismiss the Complaint filed by Plaintiffs Marie Chantal Mukabaranga, Jean De Dieu Musayidizi, and Giovani Musafiri Shimwa ("Plaintiffs") (Doc. 1) for lack of subject-matter jurisdiction and failure to state a claim. (Doc. 16.) The matter is fully briefed. (Docs. 19, 20.) For the following reasons, the Court grants Defendants' motion in part and denies it in part.

**I.  Background**

Plaintiffs allege that they are asylum seekers from Rwanda and that the United States Citizenship and Immigration Services ("USCIS") has not yet adjudicated their asylum applications. (Doc. 1 at ¶¶ 16-17.) Plaintiffs note that they filed their applications April 17, 2020, and thus their applications have been pending for over four years and eight months at the time they filed this lawsuit. (*Id.*) Plaintiffs allege that Defendants have

---

[1] The Complaint names Alejandro Mayorkas, Ur M. Jaddou, Ted H. Kim, and Merrick B. Garland as defendants. The successors to these public officers are automatically substituted as parties to this suit. Fed. R. Civ. P. 25(d).

violated the Administrative Procedures Act ("APA"), 5 U.S.C. § 701 et. seq., by failing to adjudicate their application in the 180-day period that the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1158(d)(5)(A)(iii), prescribes. (*Id.* at ¶¶ 1-2, 33.) Defendants now move to dismiss Plaintiffs' Complaint in its entirety. (Doc. 16.)

## II. Jurisdiction

Under Federal Rule of Civil Procedure 12(b)(1), a party may move to dismiss a case for lack of subject-matter jurisdiction. "A Rule 12(b)(1) jurisdictional attack may be facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In resolving a facial attack, the court must accept the allegations in the complaint as true and construe them in a light most favorable to the plaintiff. *Renteria v. United States*, 452 F. Supp. 2d 910, 919 (D. Ariz. 2006). In resolving a factual attack, on the other hand, the court does not attach presumptive truthfulness to the allegations in the pleading, and the court may review any evidence outside the pleadings, including affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction. *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988). A Rule 12(b)(1) motion based on sovereign immunity is a factual attack on the existence of subject-matter jurisdiction. *Pistor v. Garcia*, 791 F.3d 1104, 1111 (9th Cir. 2015). "Although sovereign immunity is only quasi-jurisdictional in nature, Rule 12(b)(1) is still a proper vehicle for invoking sovereign immunity from suit." *Id.*

The APA creates a cause of action and waives sovereign immunity for suits by "person[s] suffering legal wrong because of agency action." § 702. Citing § 701(a)(1)-(2), Defendants argue that Plaintiffs' claim is outside the scope of the APA's waiver of sovereign immunity because: "(1) a statute precludes judicial review, and (2) the agency action at issue is committed to agency discretion by law." (Doc. 16 at 8.) The Court disagrees on both grounds.

First, Defendants argue that § 1158(d)(7) precludes judicial review. Section 1158(d)(7) states: "Nothing in this subsection shall be construed to create any substantive or procedural right or benefit that is legally enforceable by any party against the United

States or its agencies or officers or any other person." Although § 1158(d)(7) does not create a private cause of action, it does not preclude judicial review. This reading of 1158(d)(7) is supported by the fact that other subsections of § 1158 explicitly preclude judicial review while subsection (d)(7) does not. *See* § 1158(a)(3) ("No court shall have jurisdiction to review any determination of the Attorney General under paragraph (2)."); § 1158(b)(2)(D) ("There shall be no judicial review of a determination of the Attorney General under subparagraph (A)(v)."). Because Congress included language precluding judicial review in other sections but not here, the Court presumes Congress did not intend to preclude judicial review of § 1158(d)(5)(A)(iii)'s timeframes. *See Dean v. United States*, 556 U.S. 568, 573 (2009) ("[W]here Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion." (quotation omitted)).

Second, Defendants argue § 1158(d)(5)(A)(iii) commits this agency action to USCIS's discretion. Section 1158(d)(5)(A)(iii) states: "in the absence of exceptional circumstances, final administrative adjudication of the asylum application, not including administrative appeal, shall be completed within 180 days after the date an application is filed." Typically, the word "shall" denotes a mandatory act and shows that the action is not discretionary. *See Niyomwungere v. Mayorkas*, No. CV-24-02809-PHX-DJH, 2025 WL 1865810, at *3 (D. Ariz. July 7, 2025). ("The use of the word 'shall' with respect to adjudication of an asylum application and the time frame for conducting an interview for an asylum application in the statute and regulations demonstrates that the adjudication of asylum applications is not a discretionary act." (quotation omitted)).

No limitation on the APA's waiver of sovereign immunity is implicated here, so the Court has subject-matter jurisdiction over Plaintiffs' suit.

**III.    Sufficiency of the Complaint**

To survive dismissal for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must include sufficient facts to demonstrate that the claim

is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). When analyzing the sufficiency of a complaint, the Court accepts all well-pled factual allegations as true and construes those allegations in a light most favorable to the non-moving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). However, the Court "does not have to accept as true conclusory allegations in a complaint or legal claims asserted in the form of factual allegations." *In re Tracht Gut, LLC*, 836 F.3d 1146, 1150 (9th Cir. 2016). A Rule 12(b)(6) motion "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

### A.    APA Claim

Under § 706(1), federal courts have jurisdiction to review a claim that agency action has been "unlawfully withheld or unreasonably delayed." *Plaskett v. Wormuth*, 18 F.4th 1072, 1081 (9th Cir. 2021) (quoting § 706(1)). Such a claim "can proceed only where a plaintiff asserts that an agency failed to take a *discrete* agency action that it is *required to take*." *Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 64 (2004). Thus, "[a] court can compel agency action under this section only if there is 'a specific, unequivocal command' placed on the agency to take a 'discrete agency action,' and the agency has failed to take that action." *Vietnam Veterans of Am. v. CIA*, 811 F.3d 1068, 1075 (9th Cir. 2016) (citations omitted).

Here, Plaintiffs allege that Defendants have a statutory duty under § 1158(d)(5)(A)(iii) to adjudicate asylum applications within 180 days of filing and that Defendants have failed to meet this duty. (Doc. 1 at ¶¶ 1-2, 33.) But Defendants argue that Plaintiffs have not alleged facts sufficient to establish an unreasonable delay because they have not addressed certain factors. (Doc. 16 at 10.)

The Ninth Circuit considers six factors to determine whether agency action has been unreasonably delayed:

> (1) the time agencies take to make decisions must be governed by a "rule of reason";

>(2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason;
>
>(3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake;
>
>(4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority;
>
>(5) the court should also take into account the nature and extent of the interests prejudiced by delay; and
>
>(6) the court need not "find any impropriety lurking behind agency lassitude in order to hold that agency action is 'unreasonably delayed.'"

*Telecomms. Rsch. & Action Ctr. v. FCC*, 750 F.2d 70, 80 (D.C. Cir. 1984) ("*TRAC*") (cleaned up); *see also In re Nat. Res. Def. Council, Inc.*, 956 F.3d 1134, 1138-39 (9th Cir. 2020) (adopting the *TRAC* test in the Ninth Circuit). But because this is a fact-sensitive test, *Mashpee Wampanoag Tribal Council, Inc. v. Norton*, 336 F.3d 1094, 1100 (D.C. Cir. 2003), it is usually inappropriate to resolve it on a 12(b)(6) motion, *see, e.g. Niyomwungere*, 2025 WL 1865810, at *5. The Court will not shortchange Plaintiffs' chance to develop the evidentiary record by dispensing of this case at the 12(b)(6) stage. *See Nadhar v. Renaud*, No. CV-21-00275-PHX-DLR, 2022 WL 684338, at *4 (D. Ariz. Mar. 8, 2022).

Upon review, the Court finds that Plaintiffs have plausibly alleged a claim for relief under the APA because they allege that Defendants (1) have a duty to take a discrete action and (2) have unreasonably delayed taking said discrete action: processing their asylum applications. *See Norton*, 542 U.S. at 64.

**B.   Mandamus Claim**

Plaintiffs' Complaint alleges a violation of and seeks relief under the APA, but one paragraph of the Complaint labels the action a "federal mandamus action" and alleges § 1361 allows for federal jurisdiction. (Doc. 1 at ¶ 11.) A district court has original jurisdiction "to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." § 1361. But mandamus relief is available "only if:

(1) the individual's claim is clear and certain; (2) the official's duty is nondiscretionary, ministerial, and so plainly prescribed as to be free from doubt, and (3) no other adequate remedy is available." *Patel v. Reno*, 134 F.3d 929, 931 (9th Cir. 1997). Mandamus relief "is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a nondiscretionary duty." *Heckler v. Ringer*, 466 U.S. 602, 616 (1984).

Plaintiffs' claim for mandamus relief fails because they cannot satisfy, at the very least, the third prong requiring "no other adequate remedy" to be available. The relief sought under § 706(1) of the APA and for mandamus is "essentially the same." *Indep. Mining Co. v. Babbitt*, 105 F.3d 502, 507 (9th Cir. 1997). Because Plaintiffs seek to compel Defendants to act under the APA—an identical remedy to mandamus— there is another adequate remedy available, and mandamus is not appropriate. *See id.* at 507 n.6. Accordingly, insofar as Plaintiffs' Complaint alleges a claim for mandamus relief, any such claim is dismissed.[2]

**IT IS ORDERED** that Defendants' Motion to Dismiss (Doc. 16) is **GRANTED in part and DENIED in part**, as stated herein.

Dated this 25th day of September, 2025.

Douglas L. Rayes
Senior United States District Judge

---

[2] The Court will not afford Plaintiffs leave to amend because this defect (the availability of another adequate remedy) is not curable. *See Carrico v. San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011) (leave to amend "is properly denied [where] amendment would be futile.").

- 6 -